UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHARIE CLIFFORD,<br><br>    Plaintiff,<br><br>v.<br><br>DEWBURY HOMES and HOUSING AUTHORITY SALT LAKE COUNTY,<br><br>    Defendants. | **REPORT AND RECOMMENDATION TO TERMINATE IN PART AND DENY IN PART MOTION FOR SUMMARY JUDGMENT (DOC. NO. 58)**<br><br>Case No. 2:18-cv-00522-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Charie Clifford, proceeding pro se and *in forma pauperis*, filed a complaint on behalf of herself and her minor child against Defendants DewBury Homes ("DewBury") and the Housing Authority of Salt Lake County ("Housing Authority"), alleging various violations relating to federal housing assistance programs. (*See* Am. Compl., Doc. No. 20.) Pending before the court is Ms. Clifford's Motion for Summary Judgment ("Mot.," Doc. No. 58). Neither defendant filed an opposition. The undersigned has separately recommended dismissal of all but two of Ms. Clifford's claims. (*See* R.& R., Doc. No. 60.) That Report and Recommendation is pending. As explained more fully below, the undersigned[1] now RECOMMENDS the district judge (1) TERMINATE Ms. Clifford's motion as to the claims the undersigned recommended be dismissed in the pending Report and Recommendation,[2] and (2) DENY the motion as to the

---

[1] On July 10, 2018, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 5.) On May 15, 2021 the case was reassigned to the undersigned magistrate judge. (Doc. No. 37.)

[2] In the event the pending Report and Recommendation is adopted by the district judge, Ms. Clifford's summary judgment motion as to these claims could, alternatively, be denied as moot.

remaining two claims because Ms. Clifford has not established she is entitled to judgment as a matter of law.

BACKGROUND

On December 14, 2012, Ms. Clifford entered a HARP housing assistance program contract with the Housing Authority. (Am. Compl. 10,[3] Doc. No. 20.) The HARP program is funded through the Home Investment Partnership Program and is designed to transition individuals out of homelessness. (*Id.*) Although the relationship between the defendants is not entirely clear from the Complaint, it appears the housing assistance program was run by the Housing Authority and DewBury served as the landlord. (*Id.*) Ms. Clifford raises various grievances against the defendants related to her experience with the HARP housing assistance program.

Some of Ms. Clifford's claims are clearer than others, but she appears to allege the following:

    1. Her rental unit at 2770 South 2805 West in West Valley City, Utah, failed to meet the required Housing and Urban Development ("HUD") safety standards—and the defendants falsely claimed the unit did meet these standards. (*Id.* at 10–11, 17.)

    2. DewBury improperly modified Ms. Clifford's lease in violation of 24 C.F.R. 247.4 part (d). (*Id.* at 10, 18.)

    3. Ms. Clifford was improperly evicted in 2014 from the West Valley property pursuant to a "no cause" eviction notice, and the Housing Authority failed to provide proper remedial help. (*Id.* at 11, 18.)

---

[3] The pagination refers to the consecutively numbered ECF page number located at the top of the filings.

  4. The Housing Authority improperly terminated Ms. Clifford's housing assistance. (*Id.* at 12, 21.)

  5. Ms. Clifford was improperly removed from the waiting list for permanent Section 8 housing and never received it. (*Id.* at 12, 20.)

  6. Ms. Clifford was discriminated against and treated disparately. (*Id.* at 13, 15, 26.)

  7. The Housing Authority failed to forward the remainder of Ms. Clifford's security deposit to another rental housing group, the Academy Parks Projects. (*Id.* at 22–23.)

  8. Brandy Olsen of DewBury made a false statement regarding the "no cause" eviction which caused Ms. Clifford to be denied future housing assistance. (*Id.* at 15, 26, 28.)

  9. Lastly, Ms. Clifford makes various allegations against nonparties Academy Parks and the Midvale shelter, including harassment, improper eviction, trespass, and breach of contract. (*Id.* at 12–14, 23, 25–26.)

Ms. Clifford appears to style her Complaint, in part, as an administrative appeal. (*Id.* at 4, 14.)

The undersigned has recommended all claims, except for two, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). (R.& R., Doc. No. 60.) The two remaining claims are that: 1) DewBury improperly modified Ms. Clifford's lease in violation of 24 C.F.R. 247.4 part (d), (Am. Compl. 10, 18, Doc. No. 20), and 2) the defendants improperly evicted Ms. Clifford in 2014 from the West Valley property, (*id.* at 11). Now pending before the court is Ms. Clifford's motion for summary judgment. (Mot., Doc. No. 58.)

LEGAL STANDARDS

Because Ms. Clifford proceeds pro se, the court construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United*

*States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted). Nonetheless, she must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

Summary judgment is only appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A fact is material if, under the governing substantive law, it could "affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating motions for summary judgment, the court views "the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). At the summary judgment phase, the court does not "weigh the evidence and determine the truth of the matter but [] determine[s] whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (internal quotation marks omitted).

Rule 56 of the Federal Rules of Civil Procedure requires parties to support their statement of material facts with a citation to record evidence "including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A); *see also* DUCivR 56-1(b)(3). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings."[4] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

---

[4] The court may consider an assertion of fact "undisputed for purposes of the motion" but only if the original statement of fact is properly supported. Fed. R. Civ. P. 56(e)(2); *see also Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002) (noting that if the evidence

4

Even when a motion for summary judgment is not opposed, a court cannot grant summary judgment "*unless* the moving party has met its initial burden of production and demonstrated its entitlement to judgment as a matter of law." *Cooper v. Monetary Inc.*, No. 2:12-cv-506, 2014 U.S. Dist. LEXIS 42356, at *2–3 (D. Utah Mar. 27, 2014) (unpublished) (emphasis in original); *see also* DUCivR 56-1(f).  That is, the "the burden on the nonmovant to respond arises only if the summary judgment motion is properly 'supported' as required by Rule 56(c)." *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).  Only where the motion is properly supported, the nonmoving party does not respond, and the moving party's properly supported facts establish summary judgment is appropriate, will summary judgment be entered against the adverse party.  *Id.* at 1194–95.  But where "the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'"  *Id.* at 1194 (emphasis in original) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)); *see also Coburn v. Miller*, No. CIV-15-0642, 2018 U.S. Dist. LEXIS 151537, at *2–3 (W.D. Okla. Sep. 6, 2018) (unpublished) (denying summary judgment where "plaintiff did not properly identify his claims or support his summary judgment motion" and failed to point to any record evidence).

ANALYSIS

Here, Ms. Clifford's motion simply restates the allegations and law in her Amended Complaint; however, it does include several exhibits.  (Mot., Doc. No. 58.)  While this document does not conform to the procedural requirements of a motion for summary judgment, *see* DUCivR 56-1, it is clear that is what Ms. Clifford intended to file.  On March 25, 2021, Ms.

---

produced in support of the summary judgment motion is not properly supported in the party's burden of production, summary judgment must be denied).

Clifford asked the court to amend the scheduling order to extend the dispositive motion deadline. (Mot. to Extend Deadline, Doc. No. 54.)  The court granted this motion and extended the dispositive motion deadline to April 8, 2021.  The current motion followed (albeit three weeks late).  Further, in her motion, Ms. Clifford requests a judgment on the merits.  (Mot. 6–7, Doc. No. 58.)  Accordingly, Ms. Clifford's motion is most aptly considered as a motion for summary judgment.

I. Claims Recommended to be Dismissed

As described above, the undersigned separately recommended all but two claims (related to the lease modification and 2014 eviction) be dismissed pursuant to 28 U.S.C. § 1915(e).  The claims recommended for dismissal in the Report and Recommendation are:

- claims brought on behalf of Ms. Clifford's minor child, (*see* R.&R. 5, Doc. No. 60);

- claims of failure to meet housing quality standards under Section 8 housing standards and general HUD program requirements, (*see id.* at 8);

- claims under the Program Fraud Civil Remedies Act, (s*ee id.*);

- claim of violation of housing availability requirements, (*see id.* at 13);

- claim of improper termination of housing assistance, (*see id.* at 14);

- claim of Section 8 housing violation, (*see id.* at 15);

- claim of discrimination, (*see id.*);

- claim of criminal fraud and false statements regarding misuse of security deposit, (*see id.* at 16);

- claim of defamation/libel, (*see id.* at 17);

- administrative appeal, (*see id.* at 18); and

- claims against nonparties, (*see id.*).

Where the undersigned has recommended dismissal of these claims in a Report and

Recommendation pursuant to 28 U.S.C. § 1915, the undersigned RECOMMENDS the district judge terminate the motion for summary judgment as to each of these claims (or deny the motion as moot as to these claims, if the Report and Recommendation is adopted). If the district judge does not adopt the report and recommendation and permits these claims to go forward, it is recommended that Ms. Clifford be permitted to re-file her summary judgment motion.

II.     Remaining Claims

If the district judge adopts the report and recommendation, there will be two remaining claims. The first is Ms. Clifford's allegation that DewBury improperly modified her lease without the required notice or approval in violation of 24 C.F.R. § 247.4(d). (Am. Compl. 10, 18, Doc. No. 20.) The second is Ms. Clifford's claim that she was improperly evicted from the West Valley property pursuant to a "no cause" eviction notice. (*Id.* at 11.)

Ms. Clifford's summary judgment motion as to these two claims must fail because she does not cite to any record evidence establishing facts supporting these remaining claims. Instead, she simply restates the allegations contained in her amended complaint. (Mot., Doc. No. 58.) Further, none of the exhibits attached to the motion bear on either of these remaining claims. (*See id.* at 14–53.[5]) Unsubstantiated allegations are afforded no weight in summary judgment proceedings and Ms. Clifford has not cited to any record evidence "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Therefore, although neither defendant filed an opposition, Ms. Clifford is not entitled to summary judgment because she has failed to establish there is no genuine dispute of material fact

---

[5] The pagination refers to the consecutively numbered ECF page number located at the top of the filings.

or that she is entitled to summary judgment as a matter of law. For this reason, the undersigned recommends the district judge deny Ms. Clifford's motion as to the two remaining claims.

RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge TERMINATE in part and DENY in part Ms. Clifford's motion (Doc. No. 58).

The court will send copies of this Report and Recommendation to all parties, who are notified of their right to object to the same. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 31st day of July, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge