IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARIE CLIFFORD,<br><br>  Plaintiff,<br><br>v.<br><br>DEWBURY HOMES and HOUSING AUTHORITY OF SALT LAKE COUNTY,<br><br>  Defendants. | **ORDER OVERRULING OBJECTION AND ADOPTING REPORTS AND RECOMMENDATIONS**<br><br>Case No. 2:18-cv-00522-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Charie Clifford, proceeding *in forma pauperis* (IFP), brings this action on behalf of herself and her minor child against Defendants Dewbury Homes (Dewbury) and the Housing Authority of Salt Lake County (Housing Authority). Clifford alleges, among other things, violations of federal housing statutes and regulations related to her participation in a housing assistance program. This case was referred to Magistrate Judge Daphne A. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On July 31, 2021, Judge Oberg issued two Reports and Recommendations. First, Judge Oberg recommended this court dismiss in part Clifford's Amended Complaint (First Report).[2] Second, Judge Oberg recommended this court terminate Clifford's Motion for Relief,[3] construed as a Motion for Summary Judgment, as to the dismissed claims and deny it as to the remaining claims (Second Report).[4]

---

[1] This case was originally referred to Magistrate Judge Evelyn B. Furse on July 10, 2018, but later reassigned to Judge Oberg on May 15, 2021. *See* Dkts. 5, 37.

[2] Dkt. 60 (First Report).

[3] Dkt. 58 (Motion for Relief).

[4] Dkt. 61 (Second Report).

1

Now before the court is Clifford's Objection to Judge Oberg's First Report. For the reasons I am about to explain, the Objection is OVERRULED and Judge Oberg's Reports and Recommendations are ADPOTED.

## BACKGROUND

On December 14, 2012, Clifford entered a Home Affordable Refinance Program (HARP) contract with the Housing Authority.[5] HARP is a housing assistance program funded through the Home Investment Partnership Program and is designed to transition individuals out of homelessness.[6] The relationship between the Defendants is not entirely clear from the Amended Complaint, but it appears the housing assistance program was run by the Housing Authority, with Dewbury serving as the landlord.

Clifford filed the instant action on July 3, 2018, raising various grievances related to her experience with HARP.[7] In December 2018, Clifford was appointed pro bono counsel "for the limited purpose of consulting . . . and assisting her in determining how best to proceed in this case."[8] After consulting with appointed counsel, the pro bono representation was terminated and Clifford proceeded pro se.[9] Clifford filed her Motion for Relief on April 30, 2021, which Judge Oberg construed as a Motion for Summary Judgment.[10]

---

[5] Dkt. 20 (Amended Complaint) at 10.

[6] *Id.*

[7] Dkt. 3 (Complaint).

[8] Dkt. 30 (Order Granting in Part Motion for Appointment of Counsel) at 3.

[9] *See* Dkt. 39 (Minute Entry for June 4, 2020 Status Conference) (indicating Clifford consulted with counsel but was unsure whether he would continue to represent her); Dkt. 43 (Clifford August 11, 2020 Letter) (indicating Clifford's intent to proceed pro se); Dkt. 45 (Order Terminating Limited Pro Bono Appointment).

[10] Dkt. 58 (Motion for Relief); *see* Dkt. 61 (Second Report).

On July 31, 2021, Judge Oberg issued her Reports.[11] Her First Report was directed to Clifford's Amended Complaint. In it, she recommended first dismissing without prejudice for lack of standing all claims Clifford brought on behalf of her minor child. Second, she recommended dismissing without prejudice Clifford's claims based on violations of safety requirements in Section 8 of the Housing Act,[12] because the Act does not create a private cause of action for individuals in Clifford's situation; and, for the same reason, dismissing her claims that Defendants falsely represented such safety requirements were met, in violation of the Program Fraud Civil Remedies Act.[13] Third, Judge Oberg recommended dismissing all but two remaining claims for a failure to state a claim, pursuant to § 1915(e)(2)(B) for plaintiffs proceeding IFP.[14] This would leave only two viable claims: (1) that Dewbury violated the Housing and Urban Development (HUD) regulations in modifying Clifford's lease, and (2) that the Housing Authority and Dewbury violated 24 C.F.R. §§ 92.253(c) and 274.4(c)'s eviction requirements when they evicted Clifford in 2014 (collectively, the Surviving Claims).[15]

In the Second Report, Judge Oberg construed Clifford's Motion for Relief as a Motion for Summary Judgment.[16] She then recommended either terminating or denying as moot all claims dismissed in the First Report and denying summary judgment on Clifford's two Surviving Claims.[17]

---

[11] *See* Dkts. 60, 61.

[12] 42 U.S.C. § 1437f *et seq.*

[13] 24 C.F.R. § 28.1 *et seq.*

[14] Dkt. 60 (First Report).

[15] *Id.* at 18–19.

[16] Dkt. 61 (Second Report) at 5.

[17] *Id.* at 5–8.

On August 23, 2021, Clifford filed a Motion to Allow Objection, requesting until August 30, 2021 "to file a proper response and objection to the Report and Recommendation to Dismiss that was put on the Docket July 31, 2021."[18] Clifford states as grounds for this extension that she purchased a copy of the "Report and Recommendation to Dismiss" from the court on August 6, 2021, but had not yet received it. The court granted the extension.[19] Clifford did not file an objection by the August 30 deadline.

Six weeks later, on October 5, 2021, Clifford filed an Opposition to Magistrate Judge's Report and Recommendation (Objection).[20] In it, Clifford repeatedly cites to portions of the First Report, including to specific paragraphs, but also claims she has "not received a copy" or "proper notice of the R&R from the Court." Defendants oppose Clifford's Objection on three grounds: (1) the Objection is untimely, (2) the Objection does not make specific written objections, and (3) the substance of the Objection is not supported by valid legal reasoning.[21] Clifford does not cite to, reference, or object to the Second Report in any of her filings related to Judge Oberg's Reports.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(3) requires the court to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[22] "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the

---

[18] Dkt. 62 at 1.

[19] Dkt. 63.

[20] Dkt. 64 (Objection).

[21] Dkt. 65 (Opposition) at 1–2.

[22] *See also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.") (citation omitted).

4

record in order to accept the recommendation." [23]  Still, when magistrate judge reports go unchallenged, the "district court [is] accorded considerable discretion . . . and may review [them] under any standard it deems appropriate."[24]

To qualify as a proper objection triggering de novo review, the objection must be both timely and specific.[25]  De novo review is not required where a party advances objections to a magistrate judge's disposition that are either indecipherable or overly general.[26]  While documents filed by pro se litigants are to be liberally construed, objections must still be sufficiently specific and comply with local rules.[27]

In addition, the court must dismiss an IFP action any time it determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted.[28]

## ANALYSIS

Liberally construing Clifford's Objection, she raises several general and specific objections to Judge Oberg's First Report but raises no objections to the Second Report. Accordingly, the court will review Clifford's specific objections de novo and then review the

---

[23] *See* Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[24] *Summers*, 927 F.2d at 1167.

[25] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[26] *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.") (citation omitted); *see also Moore v. Astrue*, 491 F. App'x 921, 922 (10th Cir. 2012) (unpublished) (upholding district court's clear error review of magistrate judge's report and recommendation because Plaintiffs objected only "generally to every finding" in the report).

[27] *See* DUCivR 83-1.7 (unrepresented parties are obligated to comply with Federal Rules of Civil Procedure and Local Rules); *see also* Fed. R. Civ. P. 72(b)(2) (parties can file specific written objections).

[28] 28 U.S.C. § 1915(e)(2).

remainder of Judge Oberg's First and Second Reports for clear error. However, the court will first discuss the timeliness of Clifford's Objection.

I. **Clifford's Objection to the First Report is Untimely**

Under Federal Rule of Civil Procedure 72(b), parties must file specific written objections within fourteen days of being served with a copy of the Magistrate Judge's recommended disposition. Rule 6(d) affords parties served by mail an additional three days.[29] The court may extend the time to file for good cause if a request is made before the original deadline.[30] Rule 6(b) also allows the court, for good cause, to extend the time to file "on motion made after the time has expired if the party failed to act because of excusable neglect."[31]

Judge Oberg's Reports were issued on July 31, 2021.[32] Clifford had fourteen days to file an objection, plus an additional three days for filing by mail, meaning Clifford was required to file any objection by August 17, 2021.[33] Clifford did not file by this date. On August 23, 2021, Clifford filed a Motion to Allow Objection, seeking to extend her filing deadline until August 30, 2021.[34] Judge Oberg granted the Motion,[35] but Clifford did not file by the August 30 deadline. Clifford now asks the court to receive her Objection filed on October 5, 2021—five weeks after the extended deadline.[36] Because Clifford is seeking to object after the filing deadline, Rule

---

[29] Fed. R. Civ. P. 6(d).

[30] Fed. R. Civ. P. 6(b)(1)(A).

[31] Fed. R. Civ. P. 6(b)(1)(B).

[32] *See* Dkts. 60, 61.

[33] *See* Fed. R. Civ. P. 6(d).

[34] Dkt. 62.

[35] Dkt. 63.

[36] *See* Dkt. 64 (Objection).

6

6(b)(1)(B) requires her to file a motion requesting an extended deadline and establishing that she failed to act because of excusable neglect.

In addition to not filing a motion for an extended deadline before filing her Objection, as she did previously, the court concludes Clifford has not met the excusable neglect standard. Liberally construing her Objection, the court understands Clifford to argue she should not be held to the August 30 deadline because she never received a copy of the First Report or notice of its filing.[37] This is the same reason she gave for seeking an extension of the original objection deadline.[38] But Clifford repeatedly cites to, and even quotes from, specific portions of the First Report in her Objection.[39] Therefore, she has, or had, access to the First Report, and the court cannot credit this argument as excusable neglect. For this reason, Clifford fails to establish excusable neglect and the court is not required to consider her Objection.

## II. Clifford's Objection to the First Report is Also Overruled on the Merits

Even considering the merits of Clifford's untimely Objection, it would still be overruled. As mentioned, specific objections trigger de novo review, but general objections do not.[40]

### A. Under De Novo Review, Clifford's Specific Objections are Overruled

### 1. Subject Matter Jurisdiction

Many of Clifford's specific objections relate to Judge Oberg finding the court lacks subject matter jurisdiction over certain claims. Judge Oberg recommended dismissing what she called Clifford's "core claims"—that Defendants: (1) provided housing which failed to meet

---

[37] *Id.* at 4, 11, 18.

[38] *See* Dkt. 62 (Motion to Allow Objection).

[39] Dkt. 64 (Objection) at 10, 11, 17.

[40] Fed. R. Civ. P. 72(b)(3); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment.

housing quality standards required by Section 8 of the Housing Act[41] and federal housing regulations, and (2) falsely represented her housing did meet those standards in violation of the Program Fraud Civil Remedies Act (PFCRA).[42] Judge Oberg recommended dismissing these claims because Clifford has not established that either Section 8 of the Housing Act or the PFCRA provide a private cause of action to a plaintiff in her position.[43] Clifford does not make a specific objection as it relates to the PFCRA, but she does specifically object to the conclusion that the Housing Act does not provide a private cause of action.

The Tenth Circuit has not weighed in on whether the Housing Act provides a private cause of action. But other federal appellate courts have addressed the issue and held that "the Housing Act does not create a private right of action to a particular condition or a private cause of action to enforce any such right."[44] Further, the implementing regulations for the Housing Quality Standards (HQS) Clifford claims were violated specify that they "do[] not create any right of the family, or any party other than HUD or the [Public Housing Authority (PHA)], to require enforcement of the HQS requirements by HUD or the PHA, or to assert any claim against HUD or the PHA, for damages, injunction or other relief" for alleged failure to enforce the HQS.[45] Given this clear language, the court finds it unnecessary to analyze whether there is an

---

[41] Judge Oberg notes it is unclear whether Clifford was in Section 8 Housing. Dkt. 60 (First Report) at 8 n.8. Clifford references violations of the Housing Quality Standards, as articulated in the implementing regulations of Section 8. *See* 24 C.F.R. § 982.401; Dkt. (Amended Complaint) at 10. In addition, Clifford's Amended Complaint alleges Section 8's applicability and several exhibits attached to her Objection suggest the same. *See e.g.*, Dkt. 20 (Amended Complaint) at 11–12; Dkt. 64 (Objection) at 24, 26, 34, 37, 43. However, as discussed *infra*, this is immaterial because there is no private cause of action available to Clifford under Section 8 of the Housing Act.

[42] Dkt. 20 (Amended Complaint) at 10–11.

[43] Dkt. 60 (First Report) at 5–8.

[44] *Henry v. City of Erie*, 728 F.3d 275, 281 (3d Cir. 2013) (citing *Banks v. Dall. Hous. Auth.*, 271 F.3d 605, 610–11 (5th Cir. 2001) and *Perry v. Hous. Auth. of Charleston*, 664 F.2d 1210, 1217 (4th Cir. 1981)). Several district courts have also addressed the issue. *See Henry*, 728 F.3d at 281 n.5 (citing sources).

[45] 24 C.F.R. § 982.407 ("Enforcement of HQS"). Before April 7, 2016, this section was numbered as § 982.406.

implied private cause of action applicable to Clifford's claim.[46] Clifford cites to limited cases where courts found a private cause of action in the Housing Act, but none of those circumstances apply here.[47] Clifford also cites to various other cases, statutes, regulations, and constitutional provisions as sources of subject matter jurisdiction, but none of the cited authorities grant the court subject matter jurisdiction over her Housing Act claim.[48] Therefore, the court does not have subjection matter jurisdiction over Clifford's claim that Defendants provided her housing that did not meet the HQS.

### 2. Standing

Clifford also objects to Judge Oberg's determination that she lacks standing to bring claims on behalf of her minor son.[49] Clifford argues she has "the right to state claims on behalf of [herself] and [her] family" pursuant to Federal Rule of Civil Procedure 17(c)(1).[50] While Clifford may represent herself, she does not have the right to represent her minor son.[51] "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a

---

[46] *See* Dkt. 64 (Objection) at 1 (citing to *Silva v. E. Providence Hous. Auth.*, 423 F. Supp. 453, 464 (D.R.I. 1976), where the court implied a private right of action to part of the Housing Act.)

[47] *See e.g.*, *Dorsey v. Hous. Auth. of Balt. City*, 984 F.2d 622, 631 (4th Cir. 1993).

[48] For example, Clifford cites, in some form, to 5 U.S.C. §§ 702, 706; 42 U.S.C. §§ 1981, 1983, 1988; 28 U.S.C. §§ 125, 1343(3), 2201; 24 C.F.R. §§ 247.46, 966.4, 966.55, 966.57(c); Fed. R. Civ. P. 17; and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to establish subject matter jurisdiction over her claim. *See generally* Dkt. 64 (Objection). She does allege federal question jurisdiction under 28 U.S.C. § 1331, but for the reasons explained herein, most of her claims either fail to qualify for federal question jurisdiction or fail to state a claim for relief. *See id.* at 4. In addition, Clifford makes some specific arguments related to subject matter jurisdiction beyond just citing a statute. For example, she argues the court has subject matter jurisdiction under the First Amendment and because she is seeking administrative review. Dkt. 64 (Objection) at 3. She also argues 42 U.S.C. § 1983 does not require the exhaustion of state remedies before seeking review in federal court. *Id.* Even construing these arguments liberally, neither is a viable legal theory for granting subject matter jurisdiction over Clifford's claims.

[49] Dkt. 64 (Objection) at 4.

[50] *Id.*

[51] *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 3120, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

parent . . . if the parent is not represented by an attorney."[52] Therefore, Clifford's claims on behalf of her minor son must be dismissed for lack of standing.

The court will now turn to Clifford's objections to Judge Oberg's recommendation that certain other claims be dismissed for failure to state a claim.

### 3. Termination of Housing Without Notice

Clifford objects to Judge Oberg's findings regarding her claims that her assistance for housing located at 2775 South 9000 West in Magna, Utah was terminated without the required 30-day notice.[53] Clifford appears to argue that under 24 C.F.R. §§ 5.514(d) and 966.57, and the Administrative Procedures Act (APA), her claim should not be dismissed because she was not given the proper thirty-day written notice before termination and did not receive a grievance hearing on the matter.[54] This objection is overruled.

First, in her Amended Complaint, Clifford did not allege she was entitled to a grievance hearing on this issue, nor did she make any claim based on 24 C.F.R. §§ 5.514(d) or 966.57. She cannot do so for the first time in her Objection.[55] Second, Clifford had notice of the termination because she requested it. Clifford states in her Amended Compliant that due to flooding and wet carpet at her Magna housing, she inquired about terminating her lease early and initiated the process to do so.[56] After submitting the correct paperwork, the lease was terminated at her

---

[52] *Meeker*, 782 F.2d at 154; *see also Gallacher v. Kisner*, No. 2:08-cv-845, 2009 WL 2058432, at *10 (D. Utah Jul. 15, 2009) (unpublished) ("Because Plaintiff is not an attorney, has not retained an attorney, and is proceeding pro se in this case, he cannot pursue claims on behalf of his son.").

[53] Dkt. 64 (Objection) at 6, 9, 15.

[54] *Id.* at 6.

[55] *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

[56] Dkt. 20 (Amended Complaint) at 11–12.

request and she was offered a spot at the Academy Park public housing unit.[57] As Judge Oberg indicated, these allegations from Clifford's Amended Complaint undermine her claim that she was not given sufficient notice before her lease was terminated, or that the Housing Authority's actions were legally deficient.[58] Finally, as discussed below, the APA is not applicable to this or any other of Clifford's claims. For these reasons, Clifford's claim related to the termination of her housing assistance at the Magna location must be dismissed for failure to state a claim.

   4. **Administrative Appeals**

Next, Clifford objects to Judge Oberg's conclusion that she failed to state a claim under the APA because Clifford has not shown any final agency action for which the APA authorizes judicial review.[59] Clifford argues she demonstrated a final agency action in the decision of the Housing Authority to uphold her termination from the housing assistance program.[60] But the APA applies to federal agencies, not to state agencies like the Housing Authority of Salt Lake County.[61] And Clifford has not alleged a final agency action related to any of her other claims. Thus, this objection is overruled and Clifford's claims under the APA are dismissed for failure to state a claim.

---

[57] *Id.* at 12.

[58] Dkt. 60 (First Report) at 14.

[59] Dkt. 64 (Objection) at 3.

[60] *Id.* at 17; *see also id.* at 11 (Housing Authority Letter).

[61] *See* 5 U.S.C. § 551(1) ("'Agency' means each authority of the Government of the United States . . . ."); *see, e.g.*, *Merryfield v. Disability Rights Ctr. of Kan*, 439 F. App'x 677, 679 (10th Cir. 2011) (unpublished) (holding that, had Kansas provided services anticipated by the Protection and Advocacy for Individuals with Mental Illness Act through a state agency, "that agency would not be considered a federal agency," and since Kansas instead designated a nonprofit entity, "the removal from the federal government is even greater.") (citing *Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004) ("The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies.") and *Sw. Williamson Cnty. Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies.")).

5.  **Section 1983 Claims**

Clifford's Amended Compliant lists at least seventeen miscellaneous federal constitutional or statutory provisions, and one state law provision, as sources of federal question jurisdiction.[62] Among those is 42 U.S.C. § 1983. In her Objection, Clifford makes multiple references to § 1983.[63] However, Judge Oberg's First Report does not address any potential § 1983 claim. To the extent any of Clifford's references to § 1983 can be considered a specific written objection, they are overruled.

Liberally construed, Clifford argues § 1983 provides her a private cause of action and a source of subject matter jurisdiction in the instant case.[64] Section 1983 does not, by its own terms, create substantive rights—it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws.[65] Thus, in any § 1983 claim, a plaintiff must show conduct committed by a person acting under color of state law deprived them of a right, privilege, or immunity secured by the Constitution or laws of the United States.[66] Clifford's Amended Compliant does not contain sufficient factual allegations to make this showing.[67] Nor does Clifford assert that either Defendant was acting under color of state law when they allegedly deprived her of constitutional rights. Therefore, to the extent Clifford asserts a § 1983

---

[62] *See* Dkt. 20 (Amended Complaint) at 4–6.

[63] Dkt. 64 (Objection) at 3, 5, 6, 13, 14.

[64] *Id.*

[65] *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

[66] *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)).

[67] Clifford's sole reference to 42 U.S.C. § 1983 in her Amended Compliant is in the list of statutes purporting to establish federal question jurisdiction. *See* Dkt. 20 (Amended Complaint) at 5. Since Clifford makes no other specific argument related to § 1983, it is understandable why Judge Oberg did not address such a claim in her First Report.

claim, it is dismissed for failure to state a claim. And to the extent Clifford raises an objection to Judge Oberg's First Report based on § 1983, it is overruled.

### 6. Fourth Amendment

Next, Clifford's Amended Complaint contains allegations of two warrantless searches of her Academy Parks residence in violation of her Fourth Amendment rights. Judge Oberg does not address these allegations in her First Report.[68] Clifford also discusses the searches multiple times in her Objection and adds allegations not presented in her Amended Complaint.[69] Because Judge Oberg did not specifically address the alleged warrantless searches, the court construes Clifford's arguments as specific objections to their absence in the First Report. However, the court will not consider allegations raised for the first time in Clifford's Objection and limits its analysis to the allegations in her Amended Complaint.[70]

Clifford alleges the Academy Parks Property Manager and an officer from the Unified Police came to her unit, told her she had to follow their instructions or they would call the Division of Child and Family Services to pick up her son, and proceeded to search her unit without a warrant.[71] On a second occasion, Clifford alleges a neighbor stopped by and the Unified Police came to her unit to execute an arrest warrant for the neighbor.[72] After handcuffing the neighbor, they performed a search of her unit.[73] But neither the Academy Parks

---

[68] Dkt. 20 (Amended Complaint) at 13–14.

[69] For example, in her Objection, Clifford alleges Academy Parks is "essentially the Salt Lake Housing Authority as it is a project ran [sic], administered and under the authority of the same governing agency." Dkt. 64 (Objection) at 16.

[70] *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

[71] Dkt. 20 (Amended Complaint) at 13–14.

[72] *Id.* at 13–14, 23.

[73] *Id.*

Property Manager nor the Unified Police are defendants in this action. Therefore, Clifford's claims related to the alleged warrantless searches are dismissed without prejudice.

### 7. Other Objections

Finally, Clifford lists several other objections that are either indecipherable or frivolous and are too numerous to list.[74] These objections are likewise overruled.

### B. *The Remainder of the Report is Reviewed for Clear Error*

Having reviewed the remainder of Judge Oberg's First Report, the court finds no clear error in any of the remaining conclusions or recommendations. Accordingly, the court adopts the remainder of the First Report in its entirety. All of Clifford's claims are dismissed without prejudice, except for the Surviving Claims, namely: (1) her claim that Dewbury violated HUD regulations when modifying Clifford's lease, and (2) her claim that the Housing Authority and Dewbury violated eviction requirements when they evicted her in 2014.

### III. The Second Report is Reviewed for Clear Error

Liberally construing Clifford's Motion to Allow Objection and her Objection itself, both filings were related only to Judge Oberg's First Report. Clifford made no reference to Judge Oberg's Second Report. For this reason, the court will review Judge Oberg's Second Report[75] only for clear error. Having reviewed the Second Report, the court finds no clear error in Judge Oberg's conclusions or recommendations and adopts the Second Report in its entirety. The court denies as moot Clifford's Motion for Relief as to the claims dismissed in adopting the First Report. The court also denies Clifford's Motion for Relief as to her two surviving claims.

---

[74] 28 U.S.C. § 1915(e)(2); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[75] Dkt. 61 (Second Report).

## CONCLUSION

For the reasons stated, Clifford's Objection is OVERRULED and Judge Oberg's First and Second Reports are ADOPTED in their entirety.[76] Clifford's claims are resolved as follows:

(1) the claims dismissed in adopting Judge Oberg's First Report are DISMISSED WITHOUT PREJUDICE—specifically, those brought on behalf of Clifford's minor child, claims of failure to meet housing quality standards under Section 8 of the Housing Act and general HUD program requirements, claims under the PFCRA, a claim of violation of housing availability requirements, a claim of improper termination of housing assistance, a claim of Section 8 housing violation, a claim of discrimination, a claim of criminal fraud and false statements regarding misuse of her security deposit, a claim of defamation or libel, an administrative appeal, and claims against nonparties;

(2) Clifford's 28 U.S.C. § 1983 claims, Fourth Amendment claims, and all other claims—except the Surviving Claims—are DISMISSED WITHOUT PREJUDICE;

(3) Clifford's Motion for Relief[77] as to the dismissed claims is DENIED AS MOOT; and

(4) Clifford's Motion for Relief[78] as to the Surviving Claims is DENIED.

**SO ORDERED** this 11th day of January 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[76] Dkt. 60 (First Report); Dkt. 61 (Second Report).

[77] Dkt. 58 (Motion for Relief).

[78] *Id.*